IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LORNA SHANNA KEITH,

    Plaintiff,

v.                                                                      No. 1:20-cv-01005-JDB-jay

ERICA STRONG,
*FCI Tallahassee Warden*,

    Defendant.

ORDER TRANSFERRING § 2241 PETITION

Petitioner, Lorna Shanna Keith, has filed a 28 U.S.C. §2241 petition alleging that the Federal Bureau of Prisons is not giving her "good time credits" for the time she spent in state custody prior to her federal incarceration. (Docket Entry ("D.E.") 1 at PageID 1.) The Petition is before the Court for preliminary review. *See* 28 U.S.C. § 2243; *Harper v. Thoms,* No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002).

A prisoner's challenge to the execution of her sentence, including the determination of good time credits or credit for time spent in state custody, is properly brought in a § 2241 petition. *See United States v. Gordon*, No. 17-20067, 2019 WL 5586966, at *1 (E.D. Mich. Oct. 30, 2019) (citing *Sullivan v. United States*, 90 F. App'x. 862, 863 (6th Cir. 2004)) ("The application of good-time credits . . . is properly analyzed under § 2241"); *O'Bryan v. Terris*, No. 2:16-CV-12591, 2017 WL 3225962, at *2 (E.D. Mich. July 31, 2017), *aff'd*, No. 17-2025, 2018 WL 4191326 (6th Cir. Mar. 1, 2018) (addressing prisoner's § 2241 claim challenging "the BOP's decision to deny him credit on his federal sentence for the time he spent in state custody from . . . when the federal detainer was placed against him [until] the day his state court sentence was discharged"). A §

2241 petition must be brought against the prisoner's custodian in the district in which the custodian is located. *United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004).

Petitioner is incarcerated at Tallahassee Federal Correctional Institute in Tallahassee, Leon County, Florida, which is in the Northern District of Florida. *See* 28 U.S.C. § 89(a). The Clerk of Court has recorded the Respondent as the warden of that facility, but the case was not brought in that district. Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. §§ 1406(a), that this case is TRANSFERRED, forthwith, to the Northern District of Florida.

The Clerk is DIRECTED to close this case without entry of judgment. The Clerk is FURTHER DIRECTED not to file any documents in this closed case. Any documents received from Petitioner should be forwarded to the transferee court or returned to Petitioner, as appropriate.

IT IS SO ORDERED this 8th day of September 2020.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE