UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LORNA SHANNA KEITH,
    Petitioner,

vs.                                       Case No.:  4:20cv435/TKW/EMT

ERICA STRONG, WARDEN,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Lorna Shanna Keith (Keith), an inmate of the federal Bureau of Prisons (BOP) proceeding pro se, commenced this case in December of 2019 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Tennessee (ECF No. 1). Nine months later, on September 8, 2020, the Western District of Tennessee transferred the case to this court (*see* ECF No. 6).

Presently before the court is Keith's Second Amended Petition (ECF No. 14). On behalf of Respondent Warden Strong, the United States Attorney's Office (Government) filed a Motion to Dismiss Petition for Lack of Jurisdiction and As Moot, with supporting materials (ECF No. 17). The court directed Keith to file a response to the motion to dismiss (ECF No. 18), but she has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C). After careful consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that Keith's habeas petition should be denied.

I.   BACKGROUND

On May 27, 2018, Keith was arrested by State of Tennessee authorities for theft in Madison County Circuit Court Case No. 18-644 (*see* ECF No. 17-1 at 1, ¶ 1; ECF No. 17-2 at 2).

On June 18, 2018, Keith pleaded guilty in another State of Tennessee case, Madison County Circuit Court Case No. 18-222, to seven misdemeanor counts (two counts of DUI, one count of reckless driving, one count of failure to carry vehicle registration, one violation of the "Light Law," one violation of the "Financial Responsibility Law," and one count of driving on roadways laned for traffic) and one felony count (evading arrest) (*see* ECF No. 17-1 at 1, ¶ 2; ECF No. 17-2 at 5–12). On June 18, 2018, the court sentenced Keith to a total split sentence of 90 days in the county jail followed by 1 year and 9 months of supervised probation (*see id.*).

On August 21, 2018, the United States District Court for the Western District of Tennessee issued a warrant for Keith's arrest in Case No. 1:18-cr-10090-JDB, on a charge of drug trafficking (*see* ECF No. 17-1 at 2, ¶ 3; ECF No. 17-2 at 14). On August 28, 2018, the federal court issued a writ of habeas corpus ad prosequendum for Keith's appearance on the federal charge (*see id.*). Pursuant to the writ, federal authorities took Keith into temporary custody on August 28, 2018, and returned her to state custody the same day (*see* ECF No. 17-1 at 2, ¶ 3; ECF No. 17-2 at 16–17). Federal authorities again took Keith into temporary custody, pursuant to the writ, on August 31, 2018 (*see id.*).

Keith's state sentence in Madison County Circuit Court Case No. 18-222 expired on September 6, 2018 (*see* ECF No. 17-2 at 3). Keith remained in federal custody (*see* ECF No. 17-2 at 16–17).

On November 19, 2018, still while in federal custody, Keith appeared in state court in Madison County Circuit Court Case No. 18-644 (*see* ECF No. 17-2 at 2). She pleaded guilty to the theft charge and was sentenced to one year in state prison, with presentence credit for the period May 27, 2018 to August 31, 2018 (*see* ECF No. 17-1 at 2, ¶ 4; ECF No. 17-2 at 2). The judgment noted that the State did not

object to Keith's future federal sentence running concurrently with the state sentence (*see* ECF No. 17-2 at 2).

On August 14, 2019, the federal court sentenced Keith to 22 months in prison followed by a 3-year term of supervised release (*see* ECF No. 17-1 at 2, ¶ 5; ECF No. 17-2 at 22–27). Federal authorities returned Keith to the state custody on August 20, 2019 (*see* ECF No. 17-1 at 2, ¶ 3; ECF No. 17-2 at 16–17).

On October 17, 2019, Keith was released from state custody upon expiration of her one-year sentence imposed on November 19, 2018, in Madison County Circuit Court Case No. 18-644 (*see* ECF No. 17-1 at 2, ¶¶ 4, 6; ECF No. 17-2 at 29–31).

On October 18, 2019, Keith was taken into the exclusive custody of federal authorities (*see* ECF No. 17-1 at 2, ¶ 6; ECF No. 17-2 at 16–17; ECF No. 17-2 at 34–35). The BOP computed Keith's 22-month sentence as commencing on that date (*see* ECF No. 17-1 at 2, ¶ 7; ECF No. 17-2 at 34–35). On December 1, 2020, one year after Keith commenced this habeas case, the BOP granted Keith sentence credit from September 1, 2018 through January 19, 2019 (*see id.*).

From what the court can glean from Keith's initial and amended § 2241 petitions (ECF Nos. 1, 11, 14), Keith alleges the federal court ordered her federal sentence to run concurrently with her state sentence, but the BOP failed to calculate

her sentence accordingly, thus depriving her of credit for the period August 14, 2019 through October 17, 2019. Keith also appears to argue that the BOP should have awarded credit on her federal sentence for the period she was in temporary federal custody pursuant to the writ of habeas corpus ad prosequendum, from August 28, 2018 through August 20, 2019.

The Government contends Keith's habeas petition should be dismissed as moot, because she was released from BOP custody on December 21, 2020 (ECF No. 17 at 1). The Government additionally contends Keith failed to exhaust available administrative remedies prior to commencing this habeas action (*see id.* at 2).

II. DISCUSSION

    A. **This Habeas Action Is Not Moot**

The jurisdiction of federal courts is limited to active "cases" or "controversies." U.S. Const. art. III, § 2. A case "becomes moot, and ceases to be a case or controversy, when it no longer presents a live controversy with respect to which the court can give meaningful relief." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (internal quotation marks and citation omitted). The "fundamental question" is whether the court has the ability to grant the appellant "meaningful relief." *Id.*

In criminal cases, a defendant wishing to continue her appeal after the expiration of her sentence must suffer some continuing injury or collateral consequence. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011); *United States v. Serrapio*, 754 F.3d 1312, 1317 (11th Cir. 2014). Collateral consequences are presumed when a defendant challenges her underlying conviction. *Juvenile Male*, 564 U.S. at 936. But no such presumption exists when a defendant challenges only an expired sentence, and the defendant bears the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision. *Id.*

In *Dawson v. Scott*, the Eleventh Circuit held that a prisoner's § 2241 petition seeking credit against his sentence was not mooted by the prisoner's subsequent release from prison. 50 F.3d 884, 886 n.2 (11th Cir. 1995); *see also United States v. Brown*, 117 F.3d 471, 475 n.3 (11th Cir. 1997) (same); *United States v. Page*, 69 F.3d 482, 487 n.4 (11th Cir. 1995) (same). The Eleventh Circuit explained that the petitioner, Dawson, was still serving a term of supervised release, "which is part of the sentence and involves some restrictions upon his liberty." *Dawson*, 50 F.3d at 886 n.2. Concluding that "success for Dawson could alter the supervised release portion of his sentence," the court denied the government's motion to dismiss the

appeal as moot. *Id.* The Eleventh Circuit did not further explain how success on the sentence credit issue could alter the supervised release portion of Dawson's sentence.

In *United States v. Johnson*, 529 U.S. 53, 54 (2000), the Supreme Court addressed the question of whether excess time served in prison should be credited against the defendant's term of supervised release. The Court held that, based on the text of 18 U.S.C. § 3624(e), such excess time is not automatically credited against the term of supervised release, but that "equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term." *Id.* at 57–60. Thus, in such a circumstance, district courts may exercise their discretion under 18 U.S.C. § 3583(e) to reduce or terminate the term of supervised release. *Id.* at 60.

The Eleventh Circuit subsequently considered the effect, if any, of *Johnson* on its mootness decision in *Dawson*. In unpublished decisions, the Eleventh Circuit opined that *Johnson* did not affect the mootness holding in *Dawson*, as *Dawson* hinged upon the liberty restrictions imposed by supervised release and the possibility that success on appeal could alter the term of supervised release, not on the question of whether such an alteration would be statutorily mandated. *See Watkins v. Haynes*,

445 F. App'x 181, 183 (11th Cir. Sept. 9, 2011); *Mitchell v. Middlebrooks*, 287 F. App'x 772, 775 (11th Cir. July 18, 2008). The Eleventh Circuit held that although the district court could not reduce a released habeas petitioner's prison term upon finding that the BOP failed to award proper sentence credit, the district court could equitably reduce the petitioner's term of supervised release. *See, e.g., United States v.* Lassiter, 812 F. App'x 896, 900 n.1 (11th Cir. May 1, 2020); *Watkins*, 445 F. App'x at 183; *Mitchell*, 287 F. App'x at 775.

And the Eleventh Circuit has noted, again in unpublished decisions, that other circuits reached the same result on the mootness issue. *See, e.g., Shorter v. Warden,* 803 F. App'x 332, 334 (11th Cir. Feb. 19, 2020); *Mitchell*, 287 F. App'x 772, 775 (citing cases). In *Shorter*, the Eleventh Circuit relied on the rationale provided by the Seventh Circuit, when it concluded that a habeas petitioner's release from prison did not moot his habeas appeal on a sentence credit issue, because a finding that the petitioner "spent too much time in prison . . . would carry 'great weight' in a § 3583(e) motion to reduce [the petitioner's] term," even though it would not "automatically entitle him to less supervised release." *See Shorter*, 803 F. App'x at 334 (quoting *Pope v. Perdue*, 889 F.3d 410, 414–15 (7th Cir. 2018)).

Page 9 of 15

Based upon this guidance, the undersigned concludes that Keith's release from prison during the pendency of this habeas case did not moot her petition. Like *Dawson*, Keith seeks credit on her sentence through a § 2241 petition, she has been released from prison, and she is now serving the supervised release portion of her sentence. As in *Dawson* and subsequent decisions applying *Dawson*, Keith could potentially benefit from a finding that she spent too much time in prison. Accordingly, Keith's habeas petition is not moot because success for Keith could alter the supervised release portion of her sentence. The court thus rejects the Government's mootness argument.

### B.   Keith's Habeas Petition is Without Merit[1]

"In regard to the BOP's decisions concerning the award of sentencing credit, the judiciary retains the final authority on matters of constitutionality and statutory construction." *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) (citation omitted). However, the court's analysis is deferential: if the language of the

---

[1] As an alternative basis for dismissal, the Government contends Keith failed to exhaust her administrative remedies prior to filing this habeas action (*see* ECF No. 17 at 2). Because administrative exhaustion is not a jurisdictional requirement, the court may deny a 2241 petition on the merits and decline to address the exhaustion issue. *See Blevins v. FCI Hazelton Warden*, No. 18-15127, 2020 WL 3956671, at *6 (11th Cir. July 13, 2020) ("[I]f the district court had addressed Blevins' claims on the merits and concluded that they should be denied, that conclusion would provide a basis for affirming the district court's order in this case despite the court's failure to properly apply the *Turner* test.").

applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting *Chevron USA Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984)). If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting *Chevron*, *supra*).

Section 3585 of Title 18 provides:

> **(a)  Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b)  Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Case No.: 4:20cv435/TKW/EMT

The BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced," as defined in § 3585. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992) (BOP determines credit issues, not the district courts).

BOP Program Statement 5880.28 provides:

> Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

BOP Program Statement 5880.28, pp. 1–20B.

With respect to running a federal sentence concurrently with a state sentence, the BOP accomplishes this by designating a non-federal institution as the place of imprisonment for service of a prisoner's federal sentence. This is known as a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621. That statute provides, in relevant part:

> **(a) Commitment to custody of Bureau of Prisons.**—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

> **(b) Place of imprisonment.**—The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> . . . .
>
>> **(4)** any statement by the court that imposed the sentence—
>>
>>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>
>>> **(B)** recommending a type of penal or correctional facility as appropriate; . . . .
>
> . . . .
>
> Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.

18 U.S.C. § 3621(a), (b).

BOP Program Statement 5880.28 provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

BOP Program Statement 5880.28, pp. 1–13 (emphasis in original) (*see* ECF No. 17-2 at 41–42).

Here, the BOP gave effect to the unambiguously expressed intent of Congress in § 3585(a) in determining that Keith's federal sentence commenced on October 18, 2019, the date she was received in federal custody awaiting transportation to the official detention facility at which her federal sentence was to be served. Additionally, Keith has not shown that the BOP misapplied § 3621 by failing to designate a state facility for service of her federal sentence (which, in effect, would have allowed Keith to serve her federal sentence concurrently with her federal sentence and given her credit on her federal sentence for the period August 14, 2019 through October 17, 2019). Although Keith alleges the federal sentencing court stated that her sentences would run concurrently, the written judgment does not include any such statement, and Keith did not provide any evidence to support her allegation.

The BOP also reasonably applied § 3585(b) in determining that Keith was entitled to credit on her federal sentence for the period September 1, 2018 through January 19, 2019, but that she was *not* entitled to credit for any other period, because she was serving, and thus received credit on, her state sentence in Madison County

Circuit Court Case No. 18-644 during that time. Indeed, because Keith received credit on her state sentence for the period in question, the BOP did not have discretion under § 3585 to grant credit on Keith's federal sentence for that period even though she was in temporary federal custody pursuant to the writ, as § 3585(b) expressly prohibited it. *See, e.g., Davis v. Coleman-Medium*, 666 F. App'x 802, 804 (11th Cir. 2016) (unpublished but cited as persuasive authority) (petitioner was appropriately not given credit for the time he spent in state detention because it had been credited against another sentence—his state sentence) (citing 18 U.S.C. § 3585(b)); *Dupree v. Warden, FCI Miami*, 606 F. App'x 559, 560 (11th Cir. 2015) (same); *Powell v. Jordan*, 159 F. App'x 97, 100 (11th Cir. 2005) (petitioner was not entitled to credit against his federal sentence for time he spent in federal custody pursuant to two writs of habeas corpus ad prosequendum).

III. CONCLUSION

Keith's § 2241 petition was not rendered moot by her release from prison, but she is not entitled to habeas relief because the BOP effectuated the unambiguous language of the relevant federal statutes, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, or manifestly contrary to federal statutes. Keith's § 2241 petition should thus be denied.

Case No.: 4:20cv435/TKW/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That the Second Amended Petition (ECF No. 14) be **DENIED**.

At Pensacola, Florida this 18th day of February 2021.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control**. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**